Filed 5/16/16  P. v. Rodriguez CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>ERIC J. RODRIGUEZ,<br><br>  Defendant and Appellant. | 2d Crim. No. B266066<br>(Super. Ct. No. MA064543)<br>(Los Angeles County) |

Eric J. Rodriguez appeals a July 24, 2015 order revoking and reinstating probation subject to the condition that appellant serve 365 days county jail, waive 120 days previous presentence credits, and waive any future sentence credits that may accrue to appellant for the 365 days served.  (Pen. Code, § 1203.3.)[1]

We appointed counsel to represent appellant in this appeal.  After counsel's examination of the record, he filed an opening brief in which no issues were raised.

On January 27, 2016, we advised appellant that he had 30 days within which to personally submit any contentions or issues he wished us to consider.  On March 7, 2016 and March 11, 2016, appellant submitted supplemental letter briefs stating that his probation was revoked after he was charged with two counts of assault with a deadly weapon (§ 245, subd. (a)(1)) in case number MA065643.  Appellant states that he "beat the case" and that no evidence was presented at the preliminary hearing in MA065643 that he had a knife.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

The record reflects that appellant was granted five years probation in case no. MA064543 with 120 days county jail after he pled no contest to attempted second degree robbery (§§ 664, 211) in 2015. As a condition of probation, appellant was prohibited from using or threatening to use force or violence on any person and prohibited from owning, using, or possessing a knife or concealable weapon.

On February 19, 2015, the trial court revoked probation after appellant was charged with two counts of assault with a deadly weapon (§ 245, subd. (a)(1)) in a new case: case no. MA065643. At the July 13, 2015 probation violation hearing it was stipulated that the trial court could consider the preliminary hearing transcript in case no. MA065643 which reflects that, on March 23, 2015, appellant got into an argument with William Davis. Appellant brandished a pocket knife with a three inch blade and walked towards Davis. Davis' friend, Milton Curry grabbed a shovel to protect himself and appellant swung the knife two times at Curry. Based on the preliminary hearing transcript, the trial court found that appellant violated probation in case no. MA064543.

Appellant complains that the knife was not found, but as a condition of probation, appellant was ordered not to use or threaten to use force or violence on any person. Appellant further claims that a 365 jail sentence for a first probation violation is cruel and unusual punishment but appellant has a lengthy criminal record, has violated probation in other cases, and was facing a maximum sentence of eight years state prison when he pled no contest to attempted second degree robbery in exchange for a suspended prison sentence and five years supervised probation.

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

Christopher G. Estes, Judge

Superior Court County of Los Angeles

_____


Carlos Ramirez, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.